Denise Platfoot, for relator.

OFFICE OF DISCIPLINARY COUNSEL *v.* ARMENGAU.

[Cite as *Disciplinary Counsel v. Armengau,*
99 Ohio St.3d 55, 2003-Ohio-2465.]

(No. 2003–0382—Submitted April 16, 2003—Decided May 16, 2003.)

---

**Per Curiam.**

{¶ 1} On December 10, 2001, relator, Disciplinary Counsel, filed a complaint charging respondent, Javier H. Armengau of Marion, Ohio, Attorney Registration No. 0069776, with three counts of misconduct in violation of the Code of

Professional Responsibility. Respondent answered, and a panel of the Board of Commissioners on Grievances and Discipline ("board") heard the cause.

{¶ 2} Prior to the hearing, the parties stipulated to certain facts and to three violations of the Code of Professional Responsibility: DR 7–106(C)(3) (asserting a lawyer's personal knowledge of the facts in issue); DR 1–102(A)(5) (engaging in conduct that is prejudicial to the administration of justice); and DR 7–106(A) (disregarding a ruling of a tribunal made in the course of the proceedings). After a hearing, the panel adopted the facts as stipulated.

{¶ 3} Respondent represented a defendant in a criminal trial in June 1999. The state had charged respondent's client with two counts of unauthorized use of a motor vehicle, alleging that while employed at an automobile dealership, the client had unlawfully provided vehicles to a co-defendant. The night before trial began, respondent, accompanied by his wife, went to the dealership, claiming interest in purchasing a vehicle. The dealership, in fact, permitted respondent and his wife to keep a vehicle overnight.

{¶ 4} In defending his client, respondent challenged the dealership's claim that his client had not complied with a policy requiring that all potential buyers sign a demonstration agreement before a test drive. When respondent cross-examined two employees of the dealership, respondent repeatedly questioned the witnesses about the dealership's purported failure to require him to sign a demonstration agreement. Respondent also suggested that the dealership had lost his demonstration agreement and continually injected facts into his cross-examination relating to his personal experience at the dealership the night before.

{¶ 5} On the second day of trial, respondent cross-examined the salesperson who had assisted him at the dealership. Respondent's cross-examination centered in large part on respondent's personal experience with this witness. He implied during questioning that the witness had lost two demonstration agreements during respondent's visit when, in reality, respondent had had these agreements in his possession when he left the dealership.

{¶ 6} In a February 2001 jury trial, respondent defended another client who had been charged with two felony counts of drug trafficking. Prior to trial, the court granted the state's motion limiting respondent's cross-examination of a confidential police informant. The ruling prohibited respondent from inquiring into the facts underlying any of the informant's prior felony convictions, and also limited cross-examination to misdemeanor convictions involving dishonesty and moral turpitude.

{¶ 7} Despite the judge's pretrial ruling, respondent made several inquiries on cross-examination regarding the underlying facts of the informant's previous felony convictions and also improperly inquired into his prior misdemeanor convictions. Respondent continued to improperly examine this witness despite

admonitions from the trial court. As a result of respondent's improper questioning, the trial court sustained several objections from the prosecutor, had to excuse the jury from the courtroom twice, and had to issue corrective instructions to the jury. After respondent made another prohibited remark during his closing argument, the trial judge found respondent in contempt of court.

{¶ 8} The panel found that respondent had committed the stipulated violations. In mitigation, the panel considered that respondent had cooperated in the disciplinary investigation, had not been the subject of any prior discipline, and was remorseful. The panel recommended, based on the parties' suggestion, that respondent receive a public reprimand. The board adopted the panel's findings of fact, conclusions of law, and recommended sanction.

{¶ 9} On review, we agree that respondent committed the misconduct found by the board and that a public reprimand is appropriate. Respondent is hereby publicly reprimanded for his violations of DR 7–106(C)(3), 1–102(A)(5), and 7–106(A). Costs are taxed to respondent.

Judgment accordingly.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, COOK, LUNDBERG STRATTON and O'CONNOR, JJ., concur.

---

Jonathan E. Coughlan, Disciplinary Counsel, and Lori J. Brown, First Assistant Disciplinary Counsel, for relator.

Javier H. Armengau, pro se.